Filed 9/24/15  Raiser v. City of Los Angeles CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| AARON RAISER, | B255525 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. PC050328) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Randy Rhodes, Judge.  Affirmed.

Aaron Raiser, in pro per, for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Amy Jo Field, Supervising Attorney, and Wendy Shapero, Deputy City Attorney, for Defendant and Respondent.

_____

Aaron Raiser (Raiser) appeals from the trial court's grant of summary judgment in favor of City of Los Angeles (the City) that (1) Raiser has no standing to challenge the constitutionality of Los Angeles Municipal Code section 85.02 (section 85.02) and (2) Raiser's Fourth Amendment rights were not violated, as well as the trial court's denial of Raiser's (3) three motions to compel discovery, (4) two motions for sanctions related to discovery, (5) request to use the superior court's attorney conference room for depositions, (6) request to use his personal audio recorder to record court proceedings, and (7) request for a continuance to seek additional discovery to oppose the City's summary judgment motion. As an initial matter, the City also argues on appeal that (8) this appeal is moot in light of the recent Ninth Circuit decision declaring unconstitutional the same code provision, section 85.02. We affirm, though on different grounds than those relied on by the trial court.

## BACKGROUND

### I. Facts of the case

#### A. *Los Angeles Municipal Code section 85.02*

The City passed legislation to prohibit homeless people from living in cars on public streets and parking lots in Los Angeles. Section 85.02, titled "USE OF STREETS AND PUBLIC PARKING LOTS FOR HABITATION," recites:

"No person shall use a vehicle parked or standing upon any City street, or upon any parking lot owned by the City of Los Angeles and under the control of the City of Los Angeles or under control of the Los Angeles County Department of Beaches and Harbors, as living quarters either overnight, day-by-day, or otherwise."

#### B. *Raiser's incidents with the Los Angeles police*

Raiser is homeless, lives in his car in Los Angeles, and keeps all his personal belongings in his car, including when the following incidents occurred.

2

### 1.    March 15, 2009

Raiser alleges the following occurred on March 15, 2009.[1]  He was sitting inside his car on a public street at approximately 8:45 p.m. in Los Angeles.  He had placed "a bedspread covering part of his inside windshield and driver's side windows" inside his car.  Two officers approached the open driver side window of Raiser's car.  One officer reached inside the car, pulled down the bedspread, and demanded that Raiser provide identification.  After viewing the item provided by Raiser for about 30 seconds, the officer returned it to Raiser.  Both officers then left.

### 2.    May 22, 2009

Raiser alleges the following occurred on May 22, 2009.  He was again sitting inside his car with all his belongings while parked on a public street in Los Angeles.  An officer approached Raiser in his car, demanded his driver's license, performed a background check, and then told Raiser that "homeless persons living out of their car were not allowed to be in any City Parks, in any Shopping Center parking lots, and could not park their cars on any city streets."  The officer then said that if Raiser did, then he would be arrested.  The officer then left.

### 3.    January 5, 2011

Raiser alleges the following occurred on January 5, 2011.  He was sitting inside his car on a public street at approximately 11:00 p.m. in Los Angeles.  His car had "expired license plates" but "temporary tags which were good through February 30, 2011" or January 30, according to other documents provided by Raiser.  The officer approached Raiser in his car, stated that he had the right to detain Raiser, demanded that Raiser provide his driver's license, and then performed a background check.  The officer next pulled out a field interview card and asked Raiser several questions.  After 15 minutes, the officer left.

---

[1] In Raiser's opposition to the City's motion for summary judgment, he changes the dates of these incidents from those identified in his third amended complaint. Because he nevertheless uses the third amended complaint dates in his opening brief to this court, we will continue to reference those same dates.

### 4.     February 20, 2013

Raiser received a citation on February 20, 2013 for violating section 85.02. Unlike the three incidents above, Raiser does not allege this incident violated his Fourth Amendment rights.

## II.    Procedural history

### A.    *Trial court proceedings*

Raiser filed this lawsuit arguing constitutional violations under both the Fourth Amendment as well as the Equal Protection Clause and also challenging section 85.02 as unconstitutional under various grounds.

### 1.     Discovery motions

During discovery, Raiser filed three motions to compel, and the trial court granted and denied portions of those motions. Relevant to this appeal, Raiser alleges that he still seeks discovery on: (a) the number of homeless people and shelters in Los Angeles, (b) Raiser's "administrative complaint" that he filed with the Los Angeles Police Department (LAPD), (c) e-mails from police officers containing his last name (Raiser) since 2005, (d) data retention policies, (e) all e-mails from former Mayor Antonio Villaragosa's work account containing the word "homeless" or "homelessness," (f) all e-mails from any police chief, sergeant, or captain's work account containing the word "homeless" or homelessness," (g) audio recordings of the voices of unnamed police officers as well as face and body photographs, and (h) all documents since 2003 from the LAPD on its policies as to homeless people.

### 2.     Sanctions motions

Raiser also filed two motions for sanctions based on alleged discovery abuses, which the trial court denied. Raiser alleges that his first sanctions motion concerns his request that the City produce the administrative complaint that Raiser filed with the LAPD. He claims that he needs this information to recall the identity of the officer involved in the May 22, 2009 incident. The City had provided a verified interrogatory response that it does not have this document. But, Raiser complains its response was too late.

4

Raiser alleges that his second sanctions motion concerns his request that the City produce memoranda on how it enforces section 85.02. He claims that he needs this information to support his claims as to the constitutionality of that code provision. Raiser alleges that the City initially claimed no such documents exist and then responded that the documents are not relevant. Though Raiser now has the documents, because the City produced them in a Ninth Circuit litigation (*Desertrain v. City of Los Angeles* (9th Cir. 2014) 754 F.3d 1147 (*Desertrain*)), Raiser complains of the City not producing them in this litigation when requested.

### 3. Raiser's additional requests

Raiser made three additional requests, which the trial court denied. First, Raiser requested use of the superior court's attorney conference room for depositions. Second, Raiser requested permission to record court proceedings using his personal audio recorder. Third, Raiser requested a continuance to seek additional discovery to oppose the City's motion for summary judgment.

### 4. Summary judgment

The trial court granted summary judgment to the City that Raiser had no standing to challenge the constitutionality of section 85.02 and that Raiser's Fourth Amendment rights were not violated.

### B. This appeal

In April 2014, Raiser filed a notice of appeal. A couple months later, in June 2014, the Ninth Circuit Court of Appeals held section 85.02 to be unconstitutional under the void for vagueness doctrine. (*Desertrain*, *supra*, 754 F.3d at pp. 1155–1157.)

### DISCUSSION

We review de novo the trial court's grant of summary judgment on purely legal issues. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) "In reassessing the merits of the [summary judgment] motion, we 'consider only the facts properly before the trial court at the time it ruled on the motion.'" (*Haney v. Aramark Uniform Services, Inc.* (2004) 121 Cal.App.4th 623, 631.) Further, summary judgment must be upheld if

correct on any ground, regardless of incorrect reasons that may have guided the trial court. (*Snider v. Snider* (1962) 200 Cal.App.2d 741, 748–749.)

On matters such as discovery orders and related sanctions rulings, however, the standard of review is deferential to the trial court. (*St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 772–773.) We will only reverse upon an abuse of discretion—sometimes described in our case law as arbitrary, capricious, or whimsical action—because management of discovery lies within the sound discretion of the trial court. (*Ibid*.; *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390.) "When the trial court's exercise of its discretion relies on factual determinations, we examine the record for substantial evidence to support them." (*Los Defensores, Inc.*, at pp. 390–391.)

## III. Raiser's challenge to the constitutionality of section 85.02.

### A. *The Ninth Circuit's decision does not render moot Raiser's appeal as to the constitutionality of section 85.02.*

The City argues that Raiser's appeal as to the constitutionality of section 85.02 is moot due to the Ninth Circuit's holding last year that the same code provision is unconstitutionally vague. (*Desertrain*, *supra*, 754 F.3d at pp. 1155–1157.) Lower federal court rulings, however, are persuasive but not binding on this court. (*People v. Bradley* (1969) 1 Cal.3d 80, 86.) Therefore, the Ninth Circuit's *Desertrain* holding does not moot Raiser's challenge to the constitutionality of section 85.02.

Notably, the City has not taken the position in its brief to this court that it will cease to assert or defend the constitutionality of section 85.02, and the United States Supreme Court has not ruled on the constitutionality of the code provision. Further, arguably, the statute might continue to be applied in situations like this case where the issue of the applicability of the statute is not at issue. Thus, this court will proceed to review the trial court's decision.

6

**B.      *Raiser does not have standing to challenge the constitutionality of section 85.02.***

The trial court erred in summarily concluding that Raiser lacked standing to challenge the constitutionality of section 85.02 merely because he has never been arrested under that code provision.

As a preliminary matter, both the parties and the trial court cite federal court decisions on federal standing requirements rather than California precedent on standing in state court.  Even assuming California has imported federal standing requirements on this issue, the United States Supreme Court has held that an actual arrest is not a prerequisite to challenging a law.  (*Susan B. Anthony List v. Driehaus* (2014) __ U.S. __ [134 S.Ct. 2334, 2342, 189 L.Ed.2d 246, 255].)  Instead, appellant can satisfy the injury-in-fact requirement by showing an intent to engage in the prohibited conduct and the existence of a credible threat of prosecution.  (*Ibid.*)  Here, Raiser has repeatedly pressed that he does and will continue to live in his car on public streets.  Further, there exists a credible threat of prosecution, as Los Angeles police officers have previously warned and cited Raiser for violating section 85.02 and, as discussed in the mootness section above, the City has not indicated that it will cease to enforce or defend the constitutionality of section 85.02.

Nevertheless, we conclude that Raiser lacks standing to challenge the constitutionality of section 85.02 for a different reason.  His primary challenge on appeal is under the void for vagueness doctrine.  "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."  (*Parker v. Levy* (1974) 417 U.S. 733, 756 [94 S.Ct. 2547, 2563, 41 L.Ed.2d 439, 458]; *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 55, 65; *In re Cregler* (1961) 56 Cal.2d 308, 313.)  Here, Raiser committed the precise conduct prohibited by section 85.02:  living in his car on a public street.  Indeed, Raiser openly admits as much.  Therefore, Raiser has no standing to challenge the code provision as unconstitutionally vague.

As to Raiser's other challenge to the constitutionality of section 85.02, that ground is forfeited, because Raiser has not met his responsibility as the appellant to provide

7

"meaningful argument and citation to authority." (*Allen v. City of Sacramento*, *supra*, 234 Cal.App.4th at p. 52.) Specifically, for his Eighth Amendment claim, his argument for standing consists of a bare citation to a federal court decision discussing federal standing precedent and no substantive discussion as to its legal and factual application to the present case.

Therefore, the trial court's ruling as to Raiser's lack of standing to challenge the constitutionality of section 85.02 is affirmed but on different grounds. (See *Snider v. Snider*, *supra*, 200 Cal.App.2d at pp. 748–749.)

## IV. Raiser's Fourth Amendment rights were not violated during the three incidents at issue.

As an initial matter, the trial court's opinion (and the City's summary judgment motion before the trial court) appears to summarily conclude there was no Fourth Amendment violation merely because Raiser admitted that he violates section 85.02. That is not the law. The Fourth Amendment protects both the innocent and the guilty. (*United States v. Sokolow* (1989) 490 U.S. 1, 10 [109 S.Ct. 1581, 1587, 104 L.Ed.2d 1, 12] (maj. opn. of Rehnquist, J.) ["'relevant inquiry is not whether particular conduct is "innocent" or "guilty"'"]; *id.* at p. 11 (dis. opn. of Marshall, J.) [Fourth Amendment rights "apply to the innocent and the guilty alike"].) Indeed, because the typical case involves a criminal, the trial court's reasoning would render toothless the Fourth Amendment in deterring police behavior.

The proper test under the Fourth Amendment for an investigatory stop is whether there exists reasonable suspicion (a lower showing than probable cause) that criminal activity is afoot. (*Arizona v. Johnson* (2009) 555 U.S. 323, 330 [129 S.Ct. 781, 786, 172 L.Ed.2d 694, 702].) Further, if there is reasonable suspicion of criminal activity, the officer can search for a weapon. (*New York v. Class* (1986) 475 U.S. 106, 117 [106 S.Ct. 960, 967, 89 L.Ed.2d 81, 92].) Such intrusiveness is permitted due to the important interest in the safety of police officers. (*Ibid.*) If officer safety is not the main concern and the search is for other reasons, however, there should be the greater showing of probable cause. (*Id.* at pp. 117–118.)

8

Nevertheless, the trial court's ruling as to Raiser's Fourth Amendment right is affirmed but on different grounds. (See *Snider v. Snider*, *supra*, 200 Cal.App.2d at p. 756.) Here, as discussed in the following sections, the officers acted within the bounds of the Fourth Amendment. This conclusion is based on the facts as alleged by Raiser, specifically his third amended complaint and affidavit opposing the City's summary judgment motion before the trial court.

### A.     *No Fourth Amendment violation during the March 15, 2009 incident.*

For the March 15, 2009 incident, Raiser was parked on a public street late at night, with all his personal belongings in the car with him, and—to create privacy and thus indicative of a living area—had placed a bedspread on the windshield and window of the car to obstruct views inside the car where he was sitting. These facts are sufficient to show not only *reasonable suspicion* that Raiser was living inside his car in violation of section 85.02 that justifies an investigatory stop but also *probable cause* of violating that same code provision.

Raiser argues that the officer's pulling down the bedspread constituted an unconstitutional "search" of his car. But, because there was reasonable suspicion that Raiser violated the code provision, the officer could pull down the bedspread to check for hidden weapons under the bedspread. Even for reasons other than officer safety such as to obtain a clear view of Raiser or to collect further evidence that Raiser was living in his car, the officer could pull down the bedspread because the higher showing of probable cause was met here. (See *New York v. Class*, *supra*, 475 U.S. at p. 117 [officer had probable cause of criminal activity and therefore reasonably opened driver door and reached into car to clear papers from dashboard to look for car's vehicle identification number]; *Whren v. United States* (1996) 517 U.S. 806, 813 [116 S.Ct. 1679, 1774, 135 L.Ed.2d 89, 97] [actual, subjective motivations of the individual officer are irrelevant to the reasonableness of a traffic stop under the Fourth Amendment].) Further, unlike a full-fledged search of a vehicle, pulling down a bedspread was minimal in both time and space. This minimal intrusion by the officer was reasonable under the circumstances and therefore did not violate Raiser's Fourth Amendment right.

9

While Raiser also argues that after that incident the Ninth Circuit in *Desertrain*, *supra*, 754 F.3d 1147 declared section 85.02 unconstitutional and thus reasonable suspicion or probable cause of violating that code provision cannot be considered, the Fourth Amendment analysis is not so simple. If at the time of the incident, there was no controlling precedent that the statute was or was not constitutional, the statute is presumptively valid. (*Michigan v. DeFillippo* (1979) 443 U.S. 31, 37 [99 S.Ct. 2627, 2632, 61 L.Ed.2d 343, 350].) An officer with probable cause that conduct violates a presumptively valid statute will have acted within the confines of the Fourth Amendment. (*Id.* at p. 38.) Here, *Desertrain* issued after Raiser's incident with the officers, and thus section 85.02 was a presumptively valid statute when the incident occurred. Therefore, the officers' probable cause that Raiser violated section 85.02 justifies the validity of the investigatory stop and subsequent search.

### B.    *No Fourth Amendment violation during the May 22, 2009 incident.*

For the May 22, 2009 incident, the officer had reasonable suspicion that Raiser was living in his car and violating section 85.02. Raiser was again sitting inside his car parked on a public street in Los Angeles with all his personal belongings in the car with him—as Raiser states, a sufficient amount for an observer to conclude that Raiser was moving all his personal belongings. Under those circumstances at the time of the incident, the officer had reasonable suspicion that Raiser was using his car as a makeshift home and thus he was living inside the car in violation of section 85.02 and therefore could investigate by approaching Raiser and seeking a driver's license.

Raiser again argues that the Ninth Circuit's *Desertrain*, *supra*, 754 F.3d 1147 opinion declaring section 85.02 unconstitutional precludes the City from relying on the officer's reasonable suspicion that Raiser was violating that code provision. As discussed above, however, Supreme Court precedent has rejected Raiser's reasoning. (See *Michigan v. DeFillippo*, *supra*, 443 U.S. at pp. 37–38.) The officer's reasonable suspicion that Raiser violated section 85.02 justifies the validity of the investigatory stop, and therefore Raiser's Fourth Amendment right was not violated.

10

### C. No Fourth Amendment violation during the January 5, 2011 incident.

For the January 5, 2011 incident, the officer had reasonable suspicion that Raiser was violating Vehicle Code section 5204, subdivision (a), which requires a valid car registration. The United States Supreme Court has held that expired license tags justify an investigatory stop for a traffic violation. (*Pennsylvania v. Mimms* (1977) 434 U.S. 106, 107–109 [98 S.Ct. 330, 331–332, 54 L.Ed.2d 331, 334–336].) Here, Raiser had a visible expired license plate, which justifies the validity of the investigatory stop to approach Raiser, discuss the expired license tag, and seek a driver's license.

Raiser makes two arguments; both based on facts never alleged before the trial court. As an appellate court, however, we only consider facts properly before the trial court. (*Haney v. Aramark Uniform Services, Inc.* (2004) 121 Cal.App.4th 623, 631.) First, Raiser argues that despite the expired license plate he also had "temporary tags prominently displayed." (Underscoring omitted.) But he does not cite anything in the record for support. In his third amended complaint, Raiser only alleges that he was "sitting in a car with temporary tags which were good through February 30, 2011." Similarly, in his affidavit opposing the City's summary judgment motion, Raiser alleges that he was "sitting in a car with temporary tags which were good through January 30, 2011." There is no allegation that the temporary tags were displayed on Raiser's car, what information the temporary tags displayed, and whether he provided any of that information to the officer.

Second, Raiser also argues that the officer lifted up Raiser's shirt to look for tattoos. In his brief to this court, he cites his third amended complaint, but that document contains no mention of this allegation. Nor is this allegation mentioned in Raiser's affidavit opposing the City's summary judgment motion before the trial court. Thus, this court does not consider Raiser's argument presented for the first time on appeal.

### V. Raiser's appeal of the trial court's denial of his discovery motions is moot.

The majority of the discovery that Raiser seeks relates to his challenge to the constitutionality of section 85.02, and the remainder concerns his claim under the Fourth Amendment. An appeal is moot when it is impossible for a court, if it should decide the

case in favor of the appellant, to grant any effectual relief.  (See *City of Los Angeles v. County of Los Angeles* (1983) 147 Cal.App.3d 952, 958.)  The right of a litigant to seek discovery is ancillary to litigation of the substantive claims.  Thus, as to discovery related to the constitutionality of section 85.02, because Raiser never had standing to bring that challenge in the first place, he has no right to discovery to develop any such challenge in litigation.  As to discovery related to his Fourth Amendment claim, this court dismisses that claim on the merits by assuming all facts before the trial court as alleged by Raiser, who was present during all three incidents with the officers.  Thus, resolution of those discovery disputes would have no bearing on the correctness of the summary judgment.  In sum, Raiser has no basis to seek the discovery sought, and his appeal on this issue is moot.

**VI.     Raiser has forfeited several claims on appeal by failing to provide explanatory argument, legal citation, and sufficient record adequate to evaluate his contentions.**

When an appellant complains of errors by the trial court, it has the burden to provide an appellate brief that contains intelligible argument with citation of legal authorities as well a record adequate to evaluate those contentions.  (*Allen v. City of Sacramento*, *supra*, 234 Cal.App.4th at p. 52; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)  Here, Raiser has not met this burden, and therefore several of his claims are forfeited.

### A.     *Trial court's denial of Raiser's sanctions motions*

As to his sanctions motions, Raiser makes many assertions without legal citations or even clarity as to what occurred and what he seeks and, further, it appears that Raiser has not provided the entire record that he relies upon, as he cites events not contained in the clerk's or the reporter's transcript, which he compiled as the appellant.  Further, Raiser makes personal attacks against the City, which is not appropriate for a legal brief.  Thus, without Raiser providing the trifecta of explanatory argument, legal citation, and support from the record, his deficient presentation results in a forfeiture of his claim.

12

***B.    Trial court's denial of Raiser's request for additional discovery under Civil Procedure section 437c***

Raiser argues that he was unable to obtain during discovery:  (a) deposition of the officer in the March 15, 2009 incident, (b) the administrative complaint that he filed with the LAPD, and (c) memoranda from the LAPD on how it enforces section 85.02, and therefore the trial court should have allowed him further discovery to oppose the City's motion for summary judgment.  But, Raiser does not provide substantive explanation or legal authority explaining how discovery on item (a) would have provided essential facts that would justify his opposition to and this court overturning the trial court's summary judgment.  Further, as discussed above, the City verified that it does not have item (b), and Raiser does not have standing to challenge the constitutionality of section 85.02, for which he seeks to use discovery on item (c).

***C.    Raiser's request to use the superior court attorney conference room for depositions***

Again, Raiser cites no legal authority for why he would be entitled to use the superior court's attorney conference room for depositions.  Therefore, he has forfeited this claim.

**VII.    Trial court did not err in denying Raiser's request to use a personal audio recorder to record court proceedings.**

While Raiser cites California Rules of Court, rules 1.150(d) and 2.952 in arguing that the trial court should have allowed Raiser to use a personal recorder to record the court proceedings, he fails to cite or acknowledge the Superior Court of Los Angeles County, Local Rules, rule 2.17(b).  That rule prohibits any "photographing, recording, or broadcasting, or activate any camera, microphone, recorder or broadcasting device," except in limited circumstances that do not apply here (nor does Raiser argue they apply here).  Thus, the trial court did not err in denying Raiser's request.

13

## DISPOSITION

The judgment is affirmed.  Costs are awarded to the City of Los Angeles.

NOT TO BE PUBLISHED.


                                        JOHNSON, J.


We concur:


        CHANEY, Acting P. J.


        MOOR, J.*

---

*  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.